Mr. Howard Williams, Administrator Contractors Licensing Board 621 East Capitol Avenue Little Rock, Arkansas 72201
Dear Mr. Williams:
This is in response to your request for an opinion concerning when the liability of bonding companies becomes effective in insuring the debt of contractors.
As noted in your correspondence, Act 162 of 1987, codified at A.C.A. § 17-22-401 et seq., sets out the requirements under which a contractor must obtain a surety bond before commencing work in this state. Specifically, § 17-22-404 requires that the bond be a condition of licensure and payable to the state in a penal amount of $10,000. Under § 17-22-408, the Contractors Licensing Board ("Board"), following notice and a hearing, may assess penalties against a contractor for failure to comply with bond filing requirements. You have posed two scenarios which I have paraphrased as follows:
 1. A contractor proceeds with work in the state before obtaining a contractors license and posting his contractors bond. The violation is discovered by a Board investigator and the contractor is noticed for a hearing. The contractor subsequently posts bond. The Board conducts the hearing, finds the contractor in violation and assesses a penalty. If the contractor fails to pay the penalty, is the bonding company liable for payment against the bond?
 2. If the answer to the above question is "no," would the bonding company be liable for a penalty where the notice of hearing is issued after the bond is posted?
The issues raised in your questions are strictly a matter of contract law, to be determined by the particular agreement between the surety and the contractor. If the contract states that the surety is to be liable only for acts occuring after the posting of the bond or this condition is otherwise made part of the contract, then the surety could not, in my opinion, be held liable for violations which occurred before the bond was secured.
It is therefore my opinion that the answers to your questions cannot be resolved without a complete examination of the facts in each case and the particular surety agreement involved. Such examination properly lies within the province of the courts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLJ/cyh